**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                      21-cr-01042 RB

EDDIE JOE REZA,

     Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on the United States' October 6, 2022 Notice of Intent to Introduce Evidence of Bad Acts Under Rule 404(b) and Prior Convictions Pursuant to Rule 609. (Doc. 79.) The Government intends to introduce two prior felon-in-possession convictions in order to show intent, knowledge, plan, lack of accident, or absence of mistake; and, if he testifies at trial, evidence of his prior felony convictions for impeachment purposes. Reza responded in opposition on January 23, 2023. (Doc. 93.) Having reviewed the parties' arguments and the relevant law, the Court will allow introduction of evidence under Rule 404(b) and reserves ruling on whether the Government may impeach Reza with evidence of his prior felony convictions.

## I.    Factual and Procedural Background

On April 19, 2021, the United States filed a Criminal Complaint charging Eddie Joe Reza with one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) The United States charged Reza by Indictment with the same charge on July 21, 2021. (Doc. 18.) The Court briefly recites the facts underlying the charge as adduced at the July 6, 2022 hearing on Reza's Motion to Suppress. (*See* Docs. 57; 70; 71; 74; *see also* Doc. 68 (Gov't Ex. List).)

On July 17, 2020, a source of information (SOI) told Carlsbad Police Department (CPD)

Detective Chad Herrera that Reza, a known felon, was driving a Nissan SUV and was in possession of fentanyl pills and firearms. (*See* Doc. 74 (citing Doc. 71 at 8–10; Gov't Ex. 4).) CPD Officer Israel Rodriguez spotted Reza's vehicle that evening. (Doc. 71 at 66–67.) Rodriguez ran Reza's license plate, discovered it was expired, and conducted a traffic stop. (*See id.* at 66–72.) Reza, who was driving his mother's vehicle, was unable to produce current registration or proof of insurance, and Rodriguez believed that departmental policy required him to have the vehicle towed. (*See id.* at 75–76, 85–86.) Rodriguez offered to retrieve Reza's belongings from the vehicle. (*Id.* at 87.) Reza asked for his wallet and keys. (*Id.* at 87–88, 90.) Rodriguez felt a pouch on the key ring and detected what he believed were pills. (*Id.* at 90.) He opened the pouch and saw pills consistent with contraband. (*Id.*) Rodriguez then arrested Reza. (*Id.* at 91–92.) During a tow inventory, officers found a firearm and obtained a search warrant. (*Id.* at 92.) Upon executing the search warrant, officers located another firearm and a large amount of ammunition. (Doc. 74 at 7 (citing Doc. 71 at 31–35; Gov't Exs. 6–11).)

Reza filed a Notice of Intention to Enter Guilty Plea on December 30, 2021, and pled guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement on January 31, 2022. (Docs. 42; 47–49.) At sentencing, the Court rejected the Rule 11(c)(1)(C) plea agreement. (Doc. 56.) The Court later granted Reza's unopposed motion to withdraw his guilty plea. (Docs. 60; 62.) The Court denied Reza's motion to suppress on August 23, 2022. (*See* Docs. 57; 74.) The United States filed its Notice of Intent on October 6, 2022. (Doc. 79.) Cobos's previous attorney moved to withdraw on October 24, 2022, and the Court granted the motion on October 26, 2022. (Docs. 83; 86.) Jury trial is set to begin on February 21, 2023. (*See* Doc. 91.)

### III.    Analysis of Other-Crimes Evidence Under Rule 404(b)

To convict Reza of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1),

the United States "must establish three elements beyond a reasonable doubt: (1) [Reza] was previously convicted of a felony; (2) [he] thereafter knowingly possessed a firearm; and (3) the possession was in or affecting interstate commerce." *United States v. Estrada*, 25 F. App'x 814, 817 (10th Cir. 2002) (quoting *United States v. Taylor*, 113 F.3d 1136, 1144 (10th Cir. 1997)); *see also* 10th Circuit Pattern Jury Instruction 2.44 (2021).

### A.  Legal Standard

Rule 404(b) prohibits the introduction of "prior bad acts"—that is, evidence of a "crime, wrong, or act"—to prove that the defendant has a general propensity to act in such a manner. *See* Fed. R. Evid. 404(b)(1); *see also United States v. Shirley*, 214 F. Supp. 3d 1124, 1144 (D.N.M. 2016). The rule provides a non-exhaustive list of exceptions, however, which allows courts to admit "'other wrongs' evidence to be used for valid purposes 'such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *See United States v. Lujan*, No. CR 05-0924 RB, 2011 WL 13210276, at *5, *6 (D.N.M. May 11, 2011) (quoting Fed. R. Evid. 404(b)(2)).

> Rule 404(b) requires a familiar four[-]part test:
> (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (quoting *United States v. Morris*, 287 F.3d 985, 990 (10th Cir. 2002)).

### B.  Other-Crimes Evidence

The Government seeks to introduce evidence of two prior felon-in-possession convictions. In 2001, Reza was convicted under § 922(g)(1) and (2) after agents executed a search warrant at

3

his residence and on his vehicle and found handguns, an assault rifle, and ammunition. (Doc. 79 at 2–3 (citing *United States v. Reza*, 01-CR-0068 JAP).) In 2010, Reza received another felon-in-possession conviction under § 922(g)(1) after he "and another individual committed an armed robbery at a home in Carlsbad, New Mexico." (*Id.* at 3.) "Days after the robbery," agents executed a search warrant at a residence where Reza was staying, and Reza "began shooting at law enforcement and barricaded himself inside the residence." (*Id.*) He eventually surrendered, and agents recovered three firearms and ammunition from his residence. (*See id.* (citing *United States v. Reza*, 10-CR-2135 RB).)

### C.  Application of Rule 404(b)'s Four-Part Test

#### 1.  The United States proposes to admit the evidence for a proper purpose.

Reza argues first that the Government has not proposed introduction of the convictions for a proper reason. (Doc. 93 at 1–2.) The Government "anticipate[s] that [Reza] will argue that the vehicle he was driving at the time of his apprehension did not belong to him; therefore, its contents – including the firearms and ammunition – did not belong to him and he did not knowingly possess them." (Doc. 79 at 7.) Thus, it seeks to introduce the two previous convictions and alleges that they involved "similar firearms and ammunition[1] in a similar manner to show his intent, knowledge, plan, lack of accident, or absence of mistake." (*Id.*)

Reza asserts that possession of firearms "in the same manner" as prior convictions "is not one of the grounds that 404(b) provides as a basis for introduction." (Doc. 93 at 1.) This argument fizzles, however, as the Tenth Circuit has found that "[t]he grounds specified for admissibility" in

---

[1] Here, officers recovered a Taurus 9-millimeter handgun, a Smith and Wesson .40 caliber firearm, and ammunition for both weapons. (*See* Doc. 74 at 7 (citing Doc. 71 at 31–35; Gov't Exs. 6–11).) At issue in the 2001 conviction was a .40 caliber Glock model 22 pistol, a 9mm caliber Highpoint model 995 rifle, a .22 caliber Intratec model Tec-22 pistol, and a magazine and ammunition. (*See* Doc. 79 at 3.) Relevant to the 2010 conviction, officers recovered a .357 caliber Glock model 31 pistol, a 9mm Intratec model Tec-DC9 pistol, a .22 caliber Beretta model 950BS Pistol, magazines, and ammunition. (*Id.*)

Rule 404(b) "are not exclusive; evidence of other crimes or acts relevant to any issue at trial may be admitted unless this evidence tends to prove only criminal disposition." *United States v. Culpepper*, 834 F.2d 879, 883 (10th Cir. 1987) (citation omitted). The Court notes, though, that to the extent the United States intends to introduce evidence of the prior convictions to show possession in a "similar manner," only the 2001 conviction fits the bill. The fact pattern here is reminiscent of the 2001 conviction, in which agents found firearms in Reza's vehicle; not so much the 2010 conviction, in which agents found firearms in Reza's home.

Reza also states that "this case revolves around actual possession[,] not constructive possession." (Doc. 93 at 1.) That statement is not accurate. "Possession under § 922(g)(1) may be either actual or constructive." *United States v. Benford*, 875 F.3d 1007, 1015 (10th Cir. 2017) (citation omitted). "Actual possession occurs where 'a person has direct physical control over a firearm at a given time.'" *United States v. Samora*, 954 F.3d 1286, 1290 (10th Cir. 2020) (quoting *United States v. Jameson*, 478 F.3d 1204, 1209 (10th Cir. 2007)). "Thus, to convict on actual possession, the defendant must have held the firearm 'for a mere second or two' during the time specified in the indictment." *Id.* (quoting *United States v. Adkins*, 196 F.3d 1112, 1115 (10th Cir. 1999)). "[C]onstructive possession exists when a person not in actual possession knowingly[2] has the power and intent at a given time to exercise dominion or control over an object." *United States v. Little*, 829 F.3d 1177, 1182 (10th Cir. 2016) (citing *Henderson v. United States*, 575 U.S. 622, 626 (2015)). At trial, the Government must prove constructive possession because officers found firearms and ammunition in the vehicle Reza was driving, not on his person. Again, the United

---

[2] Reza briefly argues that the only "knowledge" that would be relevant here is "knowledge . . . of what a gun is[,] . . . not knowledge that the gun is present" in the vehicle. (Doc. 93 at 1.) The Court does not agree. The 10th Circuit Pattern Jury Instruction for constructive possession explicitly references knowledge as it relates to the person's ability and intent to exercise control. *See* 10th Circuit Pattern Jury Instruction 1.31 (2021) ("[a] person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it").

States believes that Reza will argue he did not knowingly possess the firearms and ammunition because he did not own the vehicle or know the contraband was present. (*See* Doc. 79 at 7.) If that is the case, then the Government will need to show that Reza had the power and intent to exercise dominion or control over the contraband in the vehicle he did not own. Thus, the 2001 conviction involving similar conduct may show knowledge, intent, and/or an absence of mistake.

There is Tenth Circuit precedent weighing in the Government's favor. In *United States v. Moran*, officers encountered the defendant driving his girlfriend's car. 503 F.3d 1135, 1144 (10th Cir. 2007). Officers saw a rifle in the back seat, and Moran said that the rifle belonged to his girlfriend. *Id.* at 1139. At trial on the § 922(g) charge, Moran claimed he did not know the rifle was in the car.[3] *Id.* at 1144. To prove that he "knowingly" possessed the rifle, the district court allowed evidence of a previous felon-in-possession conviction pursuant to Rule 404(b)(2). *See id.* The Tenth Circuit noted that "the fact that . . . Moran knowingly possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense." *Id.* (citations omitted). Although the Tenth Circuit "acknowledged that the use of prior firearm possession to prove knowledge 'involves a kind of propensity inference (i.e., because he knowingly possessed a firearm in the past, he knowingly possessed the firearm in the present case),'" its admission was appropriate "'as long as it tend[ed] to prove something other than criminal propensity.'" *Benford*, 875 F.3d at 1013 (quoting *Moran*, 503 F.3d at 1145).

Similarly, the Tenth Circuit found no abuse of discretion where a district court allowed the government to introduce evidence of a prior felon-in-possession conviction to show "knowledge" and "absence of any mistake or accident" where he was being charged with the same offense. *United States v. Harris*, 526 F. App'x 845, 848–49 (10th Cir. 2013). As the defendant "pled not

---

[3] Reza's attempts to distinguish *Moran* are unavailing. (*See* Doc. 93 at 2.)

guilty to the crime of being a felon in possession of a firearm, [he] placed all of the elements of the crime, including knowledge, at issue." *Id.* at 850. In *United States v. McGlothin*, the Tenth Circuit reiterated "that when a defendant places his intent at issue, the defendant's prior acts of weapon possession are relevant for the proper purpose of demonstrating the charged act of firearm possession was knowingly undertaken." 705 F.3d 1254, 1263 (10th Cir. 2013) (discussing *Moran*, 503 F.3d at 1145).

In sum, the Court finds that if Reza puts knowledge and intent at issue by, for example, arguing that the firearm and ammunition did not belong to him, introducing evidence of the 2001 conviction for the purpose of demonstrating knowledge or absence of mistake under Rule 404(b) would be proper.

### 2. The 2001 conviction is relevant.

The United States argues, and Reza does not respond, that the prior conviction evidence is relevant because the circumstances were similar and involved similar weapons. (Doc. 79 at 8.) Again, the Court finds that the 2001 conviction is relevant here. The United States also contends that the prior convictions are not so remote in time that their use under Rule 404(b) is improper. (*See id.* at 9–10.) Reza does not respond to this argument, and the Court finds the Government's argument persuasive.

### 3. The probative value of the 2001 conviction is not substantially outweighed by any unfair prejudice, and Reza may request a limiting instruction.

Reza also argues that the prior conviction evidence should not be admitted because it is more prejudicial than it is probative. (Doc. 93 at 3.) He asserts that "the name and nature of the prior offense raise[s] the risk of a verdict tainted by improper considerations . . . ." (*Id.*) "Unfair prejudice in the Rule 403 context 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Rodella*, 804 F.3d

1317, 1334 (10th Cir. 2015) (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (quoting Fed. R. Evid. 403 advisory committee's note)). Reza vaguely alleges that the United States has asked Reza both to stipulate *and* to introduce evidence of the two prior convictions. (*See* Doc. 93 at 3.) Reza does not outline exactly what stipulation the United States has requested, nor does he give information about his response.

Without more, the Court finds that the risk of unfair prejudice does not substantially outweigh the probative value of the 2001 conviction. The 2001 possession conviction is sufficiently probative of Reza's intent, knowledge, or absence of mistake regarding the contraband if the Government has correctly guessed his defense strategy. Reza's concerns of prejudice may be adequately assuaged by giving the jury a limiting instruction.[4] Reza may request one should the 404(b) evidence be admitted.[5]

### 4. The Court will reserve ruling on the Rule 404(b) evidence.

The Court will reserve ruling on whether the United States may offer evidence of the 2001 felon-in-possession conviction at trial. If Reza argues that the firearm and ammunition did not belong to him (or some other similar argument) and the parties have not agreed on a suitable stipulation, the Government may introduce evidence of the 2001 conviction for the purpose of demonstrating knowledge or absence of mistake under Rule 404(b) to show constructive possession. The Court will, upon request, give the jury an appropriate limiting instruction.

---

[4] "To reduce the likelihood of unfair prejudice, the" Court may also "direct[] the government, during closing arguments, to state with particularity the proper purposes for which the jury may consider the evidence of the [2001] prior incident[] to ensure that the jury [does] not use the evidence for an improper purpose." *United States v. Rodella*, 804 F.3d 1317, 1332–33 (10th Cir. 2015) (quotation marks and citation omitted).

[5] Reza further asserts that "[s]hould the Court allow the admission of the prior convictions, counsel would request that post-conviction the Court . . . submit a special issue to the jury to request whether or not the jury used the 404(b) evidence to determine [Reza's] guilt or knowledge of possession."[5] (Doc. 93 at 2 n.1.) "[P]roper admission and use of the evidence should return a response on the latter part of the question, not the former." (*Id.*) Reza is free to propose such a question and authority in support with his proposed jury instructions.

IV.     **Analysis of Impeachment Evidence Under Rule 609**

The Government intends, if Reza testifies at trial, to impeach him with evidence of the same two felon-in-possession convictions under Rule 609(a). (*See* Doc. 79 at 11–12.) "When the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609(a)(1)). "This 'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.*, the danger that convictions that would be excluded under [Rule 404] will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.'" *Id.* (quoting Fed. R. Evid. 609, advisory committee's notes (1990 Amendments)).

The Tenth Circuit directs courts to consider the following five factors in deciding whether to admit evidence of conviction to impeach a defendant's character for truthfulness: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.* (citing 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.05[3][a] (Joseph M. McLaughlin, ed., Matthew Bender, 2d ed. 2013)). Reza does not set forth argument on any one of the five factors in particular. (*See* Doc. 93 at 3–4.) Instead, he "acknowledg[es] that [prior conviction evidence under Rule 609] is the norm and admissible under current law," but generally objects. (*See id.* at 3.) He contends that a 1985 study on limiting instructions shows that "conviction [rates] were 27% higher when jurors knew of prior conviction evidence[,]" a number Reza contends "violates his due process [right] to a fair trial . . . ." (*Id.* citing

9

On the Inefficacy of Limiting Instructions: When Jurors Use Prior Conviction Evidence to Decide Guilt, 9 L. & Hum. Behav. 37 (1985)).)

As it is unclear whether and how Reza will testify at trial, the Court reserves ruling on the issue of whether the Government may introduce evidence of his prior convictions pursuant to Rule 609.

**THEREFORE,**

**IT IS ORDERED** that the Court will **RESERVE RULING** on the United States' Notice of Intent (Doc. 79) until trial.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE